# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed May 6, 1920.

SARAH C. COONEY
VS.
CHARLES C. COONEY.

*Arthur E. Hamm* and *Hartwell M. King* for plaintiff.

*Edward M. Hammond* for defendant.

DAWKINS, J.—

The original bill of complaint filed in this case sought to obtain a decree a mensa et thoro and the care and custody of Agatha Marie Cooney, the infant daughter of the parties.

The bill further asks for alimony and counsel fee. The allegations upon which the relief is sought are cruelty, harshness and brutality, and at times striking and beating, and failing to provide for the support of the wife. Subsequently, leave having been granted to do so, an amended bill was filed alleging, among other things, adultery by the husband and asking for a decree a vinculo matrimonii—so that if the relief is to be granted the right to such relief rests upon the last named charge. The proof tending to establish adultery shows certain suspicious circumstances observed by the wife, such as the defendant coming from the woods or a shack on the farm, when a young woman came from the same direction, the defendant having had the same woman to do domestic work, etc.; the defendant getting up in the night and going to the chicken-house or shed in his night clothes and giving a woman a chicken, and also going to the same place on other nights in his night clothes, and at other times coming out of a room buttoning up his trousers, in which room a young woman was known to be, as also the baby; at other times in using medicine on his body. All of these acts are indignantly and absolutely denied by the husband and the women against whom the insinuations are directed. So far as any circumstances tending to show the truth of these several matters, perfectly reasonable explanations have been given.

Of course, opportunities had and suspicious conditions created are about the only ways in which such things can be established, but taking one of the supposed suspicious instances for example, when the baby was in the room as well as the girl, with other persons, including the wife, going in and out of the room, this hardly would be the time selected for such improprieties, nor would it seem reasonable that an opportunity would be afforded in the night when the chicken was given to the colored woman.

Apart from any such explanations by the defendant and the absolute denial of any wrongdoing, the law of Maryland expressly provides: "In suits, actions, bills or other proceedings instituted in consequence of adultery or for the purpose of obtaining a divorce, * * * no verdict shall be permitted to be recovered nor shall any judgment or decree be entered upon the testimony of the plaintiff alone, but in all such cases testimony in corroboration of the plaintiff shall be necessary."

The only testimony I find in any way corroborating the plaintiff in regard to the several occasions when the act may have been committed is the testimony of the father of the plaintiff, an old gentleman about 75 years old, who was sick and feeble at the time he testified. He saw the girl (about 14 or 15 years old) sitting on Mr. Cooney's lap, with her dress up. He said he saw the girl slip over on his knee when Mr. Cooney and the girl saw the old man. During this time the plaintiff herself was passing "back and forward." He did not see the trousers open, but Cooney and the girl remained but a short time in the room. After the wife knew of this occasion she lived with the husband, thus condoning whatever may have taken place on this particular occasion. The court can not believe, however, even though not condoned, that this is such a corroboration as the law

contemplates. The medical testimony may explain the reasons for the conditions that arose, but it does not seem necessary to consider that phase of the matter. This case presents a situation similar to the case of Heckner vs. Heckner, decided and designated not to be reported in 125 Md. 696.

A divorce is refused. The custody of the child, on account of its tender years as also on account of its sex and the exemplary character of the mother and the good care the child has received, will be awarded the plaintiff. The defendant will be charged with the support and maintenance of the child, for which purpose he will pay the sum of $25 per month. The defendant is also to pay the costs of this suit. A decree will be signed in accordance with the above-expressed views.